IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

SHANNON E. PAYNE                        )
AND DOUGLAS C. PAYNE,                   )
                                        )
            Plaintiffs,                 )   TC-MD 160380R
                                        )
     v.                                 )
                                        )
DEPARTMENT OF REVENUE,                  )
State of Oregon,                        )
                                        )
                                        )
            Defendant.                  )   **FINAL DECISION OF DISMISSAL**[1]

This matter came before the court on Defendant's Motion to Dismiss on the ground that

Plaintiffs failed to appeal within the 90 days required by ORS 305.280(2).[2]

A review of the case file shows the Notice of Assessment was mailed to Plaintiffs on

September 6, 2016. The Complaint was filed on December 6, 2016.[3] This interval is longer than

the 90 days required by ORS 305.280(2), which provides:

> "An appeal under ORS 323.416 or 323.623 or from any notice of assessment or
> refund denial issued by the Department of Revenue with respect to a tax imposed
> under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter,
> or collected pursuant to ORS 305.620, shall be filed within 90 days after the date
> of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be
> filed within 90 days after the date the notice of adjustment is final."

Plaintiffs argue that their Complaint was only one day beyond the deadline and that

Defendant's request to dismiss is unfair. The court understands that deadlines for filing

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered February 28, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] References to the Oregon Revised Statutes (ORS) are to 2015.

[3] The Complaint was received and filed by the court on December 9, 2016; however, pursuant to ORS 305.418(1), a complaint is deemed filed "on the date shown on the post-office cancellation mark stamped upon the envelope containing [the complaint.]" The postmark on the envelope was December 6, 2016, which is 91 days after the Notice of Assessment was mailed.

complaints can lead to harsh results. However, the court is not aware of any circumstances in this case that would allow the court to extend the statutory limit of 90 days. If Plaintiffs had paid the taxes as shown on the Notice of Assessment, the deadline to file a complaint would be two years from the date of payment. ORS 305.280(3). No evidence was presented to show that Plaintiffs have made payment pursuant to that statute. This court does not have the discretion to ignore limitation periods established by the Legislature. Defendant's Motion to Dismiss is granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. Plaintiffs' appeal is dismissed.

Dated this ___ day of March 2017.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on March 21, 2017.*